**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

TAJIKAH U. ABDUL-KARIM,

    Plaintiff,

v.                                                  Case No. 3:18-cv-695-J-34JBT

JUDGE ROBERT M. DEES, in his
individual and personal capacity,

    Defendant.
_____

## O R D E R

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss (Doc. 8; Motion) filed on June 19, 2018. In the Motion, Defendant asserts that this action should be dismissed because Plaintiff has failed to state any claim for which relief can be granted, and because the defendant judge is absolutely immune from suit. See generally Motion. Plaintiff opposes dismissal, and filed Plaintiff's Opposition to the Defendant Motion to Dismiss and Memorandum of Law in Support Thereof and Plaintiff's Motion for Default Judgment (Doc. 9; Response) on July 2, 2018. Accordingly, the Motion is ripe for review.

**I.    Background**

On May 30, 2018, Tajikah U. Abdul-Karim (Plaintiff), a pro se litigant, filed her Verified Complaint and Demand for Jury Trial (Doc. 1; Complaint) in which she sues one Defendant, Robert M. Dees, Judge for the Circuit Court, Fourth Judicial Circuit of Florida. See Complaint at 1-2. In the Complaint, Plaintiff attempts to allege that Judge Dees violated her constitutional rights to due process in connection with a judicial proceeding

that occurred on May 3, 2018, during which Judge Dees vacated a default that had been entered in Plaintiff's favor and permitted the defendant additional time to file a response. See Complaint at 2-3; Exhs. A and G. According to Plaintiff, Judge Dees acted outside of his capacity as a Judge in making this decision. See id. at 3. By these actions, Plaintiff claims Judge Dees violated her due process rights. See id. at 4. Plaintiff also suggests that Judge Dees' actions were driven by racial bias. See id. at 4-5.

## II. Standard of Review

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011)[1] (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010)).

---

[1] "Although an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

### III. Discussion

In the Motion, Judge Dees asserts that the Complaint must be dismissed because Plaintiff fails to state a plausible claim for a violation of her constitutional right to due process. See Motion at 3-5. Alternatively, even if the Complaint can be liberally construed to state a claim, Judge Dees contends that it must be dismissed because he is immune from suit under the doctrine of absolute judicial immunity. See id. at 5. In her Response, Plaintiff asserts that a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Rule(s)) is inappropriate. See Response at 1. Plaintiff further contends that because in her view, Judge Dees did not file a proper answer, the Court should enter a default judgment in her favor. See id. at 4. With respect to this second contention, the Court first notes that it is improper to seek affirmative relief in a response to a motion. See Rule 7(b)(1); Rule 3.01, Local Rules, United States District Court, Middle District of Florida; see also Rosenberg v. Gould, 554 F.3d 962, 967 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.") (quoting Posner v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir. 1999)). Second, and more importantly, Judge Dees did file a timely response to the Complaint by filing his Motion. See Rule 12(a). As such, he has not "failed to plead or otherwise defend" against the claims in this action, and Plaintiff is not entitled to entry of a default or a default judgment. See Rule 55.

Turning to the merits of the Motion, the Court addresses the issue of judicial immunity first as it is dispositive. Plaintiff's Complaint attempts to allege violations of due process under the Fourteenth Amendment to the United States Constitution. See Complaint at 1. The claims arise from a court proceeding held by Judge Dees in Duval

County Circuit Court Case No. 2017-CA-6405, and from the Order that Judge Dees entered following that proceeding. See Complaint Exhs. A and G. The Court construes these constitutional claims as causes of action brought pursuant to 42 U.S.C. § 1983. However, the well-established principle of judicial immunity from civil liability bars any such claims. Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986); see also Stump v. Sparkman, 435 U.S. 349, 355–56 (1978); Wahl v. McIver, 773 F.2d 1169, 1172 (11th Cir. 1985).

The application of the doctrine of absolute immunity is strictly a question of law for the Court to determine. See Brown v. Crawford County, Ga., 960 F.2d 1002, 1012 (11th Cir. 1992). "Few doctrines were more solidly established at common law than the immunity of judges for liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 553–54 (1967), overruled in part on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 819 (1982). "As early as 1872, the Court recognized that it . . . [is] 'a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself.'" Stump, 435 U.S. at 355 (second alteration in original) (quoting Bradley v. Fisher, 80 U.S. 335, 347 (1871)). For these reasons, the Supreme Court has determined that judges cannot be held liable for their judicial acts even if those acts are corrupt, done with malice or in excess of the judges' jurisdiction. See Stump, 435 U.S. at 356; see also Wahl, 773 F.2d at 1172. "'Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all

5

jurisdiction.'" William B. Cashion Nevada Spendthrift Trust v. Vance, 552 F. App'x 884, 885-85 (11th Cir. 2014) (quoting Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000)).[2]

In Stump, the Supreme Court recognized a two-part test to be used in determining whether a judge is absolutely immune from potential civil liability. See Stump, 435 U.S. at 356-62. The reviewing court must ask whether the judge was acting in a judicial capacity while dealing with Plaintiff, and whether the judge acted in the "clear absence of all jurisdiction." Id. at 356-57, 360. Only in circumstances where a judge acted in the "clear absence of all jurisdiction" or dealt with Plaintiff in a non-judicial capacity can the judge face civil liability for actions taken. See id. at 356-62.

In determining whether the judge was acting within his or her judicial capacity, the Eleventh Circuit instructs a court to consider several factors, including: whether "(1) the precise act complained of . . . is a normal judicial function; (2) the events involved occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the confrontation arose directly and immediately out of a visit to the judge in his official capacity." Harper v. Merckle, 638 F.2d 848, 858 (5th Cir. Unit B Mar. 1981)

---

[2] The Eleventh Circuit Court of Appeals has recognized that strong public policy arguments support upholding the doctrine of absolute judicial immunity.

> First and foremost, a judge must be free to act upon his own convictions, without apprehension of personal consequences; second, the controversiality and importance of the competing interests in a case before a court make it likely that the losing party may be overly willing to ascribe malevolent motives to the judge; third, judges faced with the prospect of defending damages actions and, perhaps, satisfying money judgments would be driven to wasteful and destructive self-protection devices and, moreover, may be less inclined to administer justice; fourth, alternative remedies such as appeal and impeachment reduce the need for private rights of action against judges; and fifth, the ease of alleging bad faith would make a qualified "good faith" immunity virtually worthless because judges would constantly be forced to defend their motivations in court.

Dykes v. Hosemann, 776 F.2d 942, 949 (11th Cir. 1985).

(quoting McAlester v. Brown, 469 F.2d 1280, 1282 (5th Cir. 1972));[3] see also William B. Cashion Nevada Spendthrift Trust, 552 F. App'x at 886.  Notably, "[a] judge is entitled to immunity 'even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction.'" William B. Cashion Nevada Spendthrift Trust, 552 F. App'x at 886 (quoting Bolin, 225 F.3d at 1239).  Utilizing this framework, the Court will now consider whether Judge Dees would be entitled to immunity from the claims Plaintiff wishes to assert.

Liberally construing Plaintiff's allegations, it is evident that she is complaining of actions taken by Judge Dees in his judicial capacity.  First, the precise acts of which she complains, conducting a hearing, ruling on a motion, and entering an order, are normal judicial functions.[4]  Second, Plaintiff states in her Complaint that she has been wronged because of Judge Dees' rulings at the May 3, 2018 hearing.  See Complaint at 3.  These actions are alleged to have occurred as part of an ongoing judicial proceeding in the Fourth Judicial Circuit Court of Florida.  Plaintiff fails to suggest or provide any basis for a conclusion that Judge Dees' actions occurred outside of his judicial chambers.  Third, the actions about which Plaintiff complains occurred in a case that was assigned to and pending before Judge Dees.  Fourth, the acts of which Plaintiff complains did arise out of a visit to the judge acting within his official capacity.  In consideration of the foregoing, the undersigned concludes that the actions about which Plaintiff complains constitute judicial acts taken by Judge Dees while acting in a judicial capacity.

---

[3] This case and all Fifth Circuit cases decided prior to September 30, 1981, are binding precedent pursuant to Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[4] Plaintiff attempts to sue Judge Dees in his individual and personal capacity, stating that Judge Dees was acting outside his judicial capacity.  See Complaint at 3.  However, the factual allegations of the Complaint demonstrate that the grievances Plaintiff complains of arose out of the actions Judge Dees took while presiding over a case.  These types of actions are exactly what the Supreme Court in Stump held must be immunized from civil liability. See Stump, 435 U.S. at 355.

The Court also considers the second inquiry identified by the Supreme Court in Stump. This question, which focuses on whether the judge acted in clear absence of all jurisdiction, has been interpreted to preclude immunity in those circumstances "in which a judge acts purely in a private and non-judicial capacity," Henzel v. Gerstein, 608 F.2d 654, 658 (5th Cir. 1979), in a matter "clearly outside the judge's subject matter jurisdiction." Dykes, 776 F.2d at 948. Plaintiff asserts that Judge Dees "lost subject matter jurisdiction over the plaintiff" and "acted outside of his capacity" when he entered his order. Complaint at 2-3. However, Plaintiff provides nothing more than conclusory statements to that effect. It cannot be said, even using the most liberal construction, that Plaintiff has alleged any facts supporting a plausible claim that Judge Dees acted in a private manner or outside his public judicial position. Indeed, nowhere in her Complaint does Plaintiff remotely allege that Judge Dees acted in such a manner. Moreover, as a Circuit Judge in the Fourth Judicial Circuit of Florida, Judge Dees had jurisdiction over the claims in his court, and had not only the authority, but also the obligation, to adjudicate those claims. Consequently, the undersigned concludes that Judge Dees was acting within his judicial capacity and had the authority to adjudicate Plaintiff's case. As the Eleventh Circuit has stated unequivocally, "[a] judge is absolutely immune from suit in performing his judicial responsibilities." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991). Thus, Judge Dees enjoys absolute judicial immunity from all civil liability to Plaintiff, and her claims are due to be dismissed. See Drees v. Ferguson, 396 F. App'x 656, 658-59 (11th Cir. 2010).

For the foregoing reasons, it is hereby

**ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 8) is **GRANTED**.

2. This case is **DISMISSED**. The Clerk of the Court is directed to terminate any pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 10th day of October, 2018.

MARCIA MORALES HOWARD
United States District Judge

ja

Copies to:

Counsel of Record

Pro Se Party